FILED

10 NOV -4  PM 3: 42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

1   MELANIE ESPIRITU, In Pro Per
    JESUS ESPIRITU, In Pro Per
2   987 Saint Germain Road,
    Chula Vista, CA 91913
3   Tel: (619) 271-9413
    Fax: (888) 755-1416
4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12   MELANIE ESPIRITU and JESUS ESPIRITU,    | Case No. **10 CV 2 277      JLS BGS**
     wife and husband, as joint tenants,

13                    Plaintiffs,             **COMPLAINT** FOR:

14        v.                                  1. DECLARATORY RELIEF;
                                              2. INJUNCTIVE RELEIF;
15                                            3. DETERMINE NATURE, EXTENT AND
     AMERICA'S    WHOLESALE    LENDER,   a    VALIDITY OF LIEN;
16   Business Entity, form unknown; FINANCIAL  4. CONTRACTUAL BREACH OF GOOD
     TITLE COMPANY, a Business Entity, form   FAITH FAIR DEALING;
17   unknown;    MORTGAGE    ELECTRONIC       5. VIOLATIONS OF TILA;
     REGISTRATION SYSTEMS, INC. a Business    6. VIOLATIONS OF RESPA;
18   Entity, form unknown; and DOES 1-20 inclusive,  7. VIOLATION OF CALIFORNIA CIVIL
                                              CODE § 2932.5
19                    Defendants.             8. RECISSION;
                                              9. FRAUD;
20                                            10 UNFAIR AND DECEPTIVE ACTS AND
                                              PRACTICES (UDAP);
21                                            11. BREACH OF FIDUCIARY DUTY;
                                              12. UNCONSCIONABILITY;
22                                            13. PREDATORY LENDING; CALIFORNIA
                                              BUSINESS AND PROFESSIONS CODE §
23                                            17200;
                                              14. QUIET TITLE
24

25                                            **Jury Trial Demanded**

26

27

28

### INTRODUCTION

COMES NOW the Plaintiffs MELANIE ESPIRITU and JESUS ESPIRITU (hereinafter referred to as "Plaintiff" or "Borrower"), alleges as follows:

### PARTIES

1.     At all times relevant herein, Plaintiff was over the age of eighteen and is and was a resident of CHULA VISTA, County of SAN DIEGO, State of California.

2.     The real estate that is the subject of this litigation is 987 SAINT GERMAIN ROAD, CHULA VISTA, CA 91913 (hereinafter referred to as "Subject Property").

3.     Plaintiff purportedly entered into a loan repayment and security agreement on or about, SEPTEMBER 1, 2005 with Defendant ORIGINAL MORTGAGE LENDER, (hereinafter referred to as "AMERICA'S WHOLESALE LENDER"), which required Plaintiff to repay a loan of $660,250 to AMERICA'S WHOLESALE LENDER.

4.     Plaintiff is informed and therefore believes that Defendant AMERICA'S WHOLESALE LENDER, a Business Entity, form unknown, is a corporation, authorized to do business in the State of California. AMERICA'S WHOLESALE LENDER was the original mortgage lender with an unknown business addresses.

5.     Plaintiff is informed and therefore believes that Defendant ORIGINAL MORTGAGE BROKER (hereinafter referred to as "UNKNOWN MORTGAGE BROKER"), a Business Entity, form unknown, is a corporation, authorized to do business in the State of California.  UNKNOWN MORTGAGE BROKER was the original mortgage broker with an unknown business address.

6.     Plaintiff is informed and therefore believes that Defendant ORIGINAL ESCROW / TITLE COMPANY, (hereinafter referred to as "FINANCIAL TITLE COMPANY"), a Business

Entity, form unknown, is a corporation, authorized to do business in the State of California. FINANCIAL TITLE COMPANY is the original Escrow/Title Company for the loan, with an unknown business address.

7. Plaintiff is informed and therefore believes that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (hereinafter referred to as "MERS"), a Business Entity, form unknown, is a corporation, authorized to do business in the State of California. MERS is the current mortgage nominee/beneficiary and has a business address of P.O. Box 2026. Flint, MI 48501-2026.

8. The Defendants (each of them named in the above-referenced paragraphs, shall collectively be referred to as "DEFENDANTS") named herein "all persons unknown", claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto and as DOES I through 20 (hereinafter referred to as "UNKNOWN DEFENDANTS") are unknown to Plaintiff. These unknown Defendants and each of them claim some right, title, estate, lien or interest in the Subject Property hereinafter described adverse to Plaintiff's title and their claims and each of them constitute a cloud on Plaintiff's title to the Subject Property. Plaintiff is informed and therefore believes, and on that basis alleges that each fictitiously named herein as a DOE is responsible for the events happening hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendant's when ascertained.

9. Plaintiff is informed and therefore believes and on that basis alleges that at all times mentioned herein, the UNKNOWN DEFENDANTS are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers and co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiff is informed and therefore

believes and on that basis alleges that each of said Defendants is and at all relevant times herein, was acting within the scope and consent of the remaining named and unnamed Defendants.

10.   Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

11.   During the processing and sale of this loan to Plaintiff, AMERICA'S WHOLESALE LENDER and UNKNOWN MORTGAGE BROKER were aware that "payment shock" would occur because of the manner in which Defendants qualified Plaintiff for the current loan product.  The underwriting process and failure to properly verify Plaintiff's assets, income, debt and risks created a circumstance for Plaintiff wherein foreclosure would be inevitable and Defendants were aware of this fact.  AMERICA'S WHOLESALE LENDER also increased a Yield Spread Premium to UNKNOWN MORTGAGE BROKER.  AMERICA'S WHOLESALE LENDER then has the opportunity to recoup the premium fees paid to UNKNOWN MORTGAGE BROKER upon foreclosure. As a result of the lack of ownership in the Subject Property, coupled with the excessive fees and unfair structure, Plaintiff suffered tremendous "payment shock" and was required to investigate the actions of the Defendants.

12.   As a result of their mortgage activities, Defendants and each of them are and were subject to and must comply with the Federal Truth In Lending Act (hereinafter referred to as "TILA")[15 U.S.C. §1601-16666j]; [24 C.F.R § 3500.1-3500.17]; the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA")[12 U.S.C. § 2601 et.seq.]; California Business

and Professions Code [§ 17200; Federal Trade Commission § 5]; 24 Code of Federal Regulations § 3500.10; § 10241.3; Unfair and Deceptive Business Practices and Acts [UDAP Statutes]; and California Civil Codes §1918-21, § 1916.7 – multiple sections; and Code of Federal Regulations § 226.23(3), among others.

## JURISDICTION

13. Jurisdiction of this court is involved due to the presentation of a Federal question  pursuant to the Federal statutes outlined above and 28 U.S.C. §§ 1331 and 1337.

14. This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

15. This Court has jurisdiction to render the declaratory judgment Plaintiff seeks pursuant to 28 U.S.C. § 2201.

16. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b), because: (i) the real property exists within said district, (ii) the Defendants, and each of them, has/have or is/are doing business within the district; and (iii) further, the *pendente* causes of action pursuant to California law concerns real property within the County of SAN DIEGO within this district.

## FACTUAL ALLEGATIONS

17.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

18.    For years, mortgage brokers and lenders have been selling loan products that they knew or should have known would never be able to be repaid by the borrower and would prevent borrowers from ever actually owning the home.  Instead, borrowers were offered interest-only, negative amortization, and/or other subprime loan products that amounted to no more than a short term lease until the payments became so unaffordable that the borrowers are now faced with either

bankruptcy or foreclosure.  Further, lenders frequently qualify borrowers for loans that they cannot and will not be able to afford.  This is done to lead to a maximization of profits for the lenders without cause or concern for borrower's financial condition, their credit and their livelihoods or homes. The housing bubble of the past decade was created by predatory lending practices, such as charging excessive fees, incorporating payment penalties, negative amortization payments, or other abusive terms in the agreements, providing kickbacks to brokers, flipping loans, using balloon payments to conceal the true burden of the financing, requiring unnecessary insurance and other products, including mandatory arbitration clauses, steering borrowers to subprime loans when they qualify for conventional loans, and using bait and switch tactics.  All were rampant within the industry without oversight or good judgment and found to be inconsistent with important national objectives, including the goals of fair access to credit, community development, and stable homeownership by the broadest spectrum of America.  Rather than offering a loan product that was viable and long-term for the borrower and lender, brokers and lenders greedily sold whatever they could get away with, arguably the primary catalyst for what is now this country's worst economic crisis since the Great Depression.

19. The loan product sold to Plaintiff in this case was exactly the kind of loan that has contributed to our national problem.  The Defendants were aware of this trend, and possessed the foresight to advise Plaintiff of this risk.  They intentionally concealed the negative implications of the loan they were offering, and as a result, Plaintiff faces the potential of losing their home to the very entity and entities that placed them in this position.

20. On or about SEPTEMBER 1, 2005 (hereinafter referred to as "Closing Date") Plaintiff allegedly entered into a consumer credit transaction with AMERICA'S WHOLESALE LENDER by obtaining a mortgage loan of $660,250 secured by Plaintiff's principal residence, (Subject Property).

This note was allegedly secured by a First Trust Deed on the Property in favor of AMERICA'S WHOLESALE LENDER.

21. Liability continues to exist on the part of AMERICA'S WHOLESALE LENDER even if no longer in possession of the note due to sale, transfer or assign because under the Federal Truth In Lending Act § 1640, if any violation by AMERICA'S WHOLESALE LENDER that occurred (before its sale to AMERICA'S WHOLESALE LENDER), were apparent on the face of the disclosures, then assignee liability exists. For example, in Cazares v Pacific Shore Funding, C.D. Cal. 1/3/2006, an assignee that actively participated in original lender's act and dictated loan terms may be liable under UDAP statutes.

22. Each subsequent Defendant who has participated in, been assigned or been transferred Rights, or holds a position or interest under this loan agreement, including AMERICA'S WHOLESALE LENDER, UNKNOWN MORTGAGE BROKER, FINANCIAL TITLE COMPANY, MERS and UNKNOWN DEFENDANTS (hereinafter referred to collectively as "Defendants") failed to perform their due diligence in investigating the legal requirements that this loan should have been processed within. As a result, Defendants now hold an interest in a loan that was improperly handled from its inception.

23. The terms of the transaction with AMERICA'S WHOLESALE LENDER are not clear or conspicuous, nor consistent, and are illegal, and include, for example, extremely high ratios with respect to Plaintiff's Income and Liabilities. The loan was 100% of the value. The Plaintiff therefore had no value in the home. The Plaintiff would not be able to refinance out of the high rate, due to lack of equity. Plaintiff was given a loan that was an inappropriate loan. The loan was more expensive in terms of fees, charges and or interest rates than alternative financing for which Plaintiff could have qualified. The terms of the loan given to Plaintiff are such that they can never

realistically repay the loan.

24.     These acts of deception violate several statutes and in essence create an illegal loan. Further, this loan was underwritten without proper due diligence by AMERICA'S WHOLESALE LENDER as evidenced by their failure to verify borrower's income utilizing signed IRS Income Tax Disclosure Form 4506T which would have provided past borrower tax returns nor verify income or employment.

25.     In addition, and unbeknownst to Plaintiff, AMERICA'S WHOLESALE LENDER illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for a loan which AMERICA'S WHOLESALE LENDER knew or should have known that Plaintiff could not qualify for or afford by, for example, the underwriter has approved this loan based upon credit scores and the borrower's Stated Income only.   Had AMERICA'S WHOLESALE LENDER used a more accurate and appropriate factor, such as Tax Forms and a more determinative level of scrutiny of determining the debt to income ratio, Plaintiff would not have qualified for the loan in the first place.   Consequently, AMERICA'S WHOLESALE LENDER sold Plaintiff a loan product that it knew or should have known would never be able to be fully paid back by Plaintiff.   AMERICA'S WHOLESALE LENDER ignored long-standing economic principals of underwriting and instead, knowingly, liberally, greedily and without any regard for Plaintiff's rights sold Plaintiff a deceptive loan product.

26. There was no determination of the ability of the borrower to repay the loan, with complete disregard for the Guidance Letters issued by Federal Agencies and even Federal and State Law.

27. Defendants, and each of them, neither explained the workings of the entire mortgage loan transaction, how the rates, finance charges, costs and fees were computed, nor the inherent volatility of the loan product(s) provided by Defendants.

28. The Defendant's utilized excessive closing costs/fees that are actionable for treble damages pursuant to 12 U.S.C. §2607.  Those fees include, but are not limited to: The mortgage broker's was loan origination fee and a Yield Spread Premium by AMERICA'S WHOLESALE LENDER plus processing fees. AMERICA'S WHOLESALE LENDER paid UNKNOWN MORTGAGE BROKER premiums for increased yields in rates. In the case of an adjustable loan the lenders higher yield is in the margin. The higher the margin for the borrower the higher the premium to the broker.

29. The purpose of entering into the above-described mortgage loan transactions was for Plaintiff to eventually own the Subject Property.  That purpose was knowingly and intentionally thwarted and indeed made impossible by Defendants' actions alleged herein.

30. Plaintiff is informed and believes the following legal violations were incurred during the handling and processing of Plaintiff's loan:

31. Plaintiff is informed and believes and therefore alleges that the underwriter approved this loan based only upon a stated income and a medium to high risk credit score and a belief that the property would continue to increase in value and that the Plaintiff should have been declined for this loan.

32. Plaintiff is informed and believes and therefore alleges that based on a Real Income Analysis, with the type of take home income Plaintiff possess and that was clearly disclosed to Defendants, that the borrower would not be able to support the home payment over an extended period.

33. Plaintiff is informed and believes and therefore alleges that Defendants failed to provide Plaintiff with written notice of the furnishing of negative credit information to consumer reporting agency after Defendants furnished such negative credit information about Plaintiff.

34. Plaintiff is informed and believes and therefore alleges that Defendants breached their fiduciary duty to Plaintiff because they knew or should have known that the Plaintiff will or had a strong likelihood of defaulting on this loan, they have a fiduciary duty to the borrower to not place them in that loan (in harms way).

35. Plaintiff is informed and believes and therefore alleges that it was in the best interest of the Defendants to promote the particular program for which they approved the Plaintiff. It led to a maximization of profits for the Defendants, with no concern for the Plaintiff financial position or livelihood.

36. Plaintiff is informed and believes and therefore alleges that as a result of the practices of Defendants, and each of them throughout the handling of this loan, that such practices are consistent with the definition of predatory lending, and encompass numerous characteristics that indicate such.

37. Plaintiff is informed and believes and therefore alleges that Defendants provided inadequate disclosure of the true costs, risks and, where necessary, appropriateness to the borrower of loan transactions in violation of the Federal Trade Commission Act.

38. Plaintiff is informed and believes and therefore alleges that Defendants engaged in unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising in violation, rising to unfair and deceptive business practices, in violation of California Business and Professions Code § 17200 and the Unfair and Deceptive Acts and Practices statutes.

## FIRST CAUSE OF ACTION

### Declaratory Relief

### (Against All Defendants)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though

fully set forth herein.

40. An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the California Civil Code, California Business and Professions Code, UDAP, TILA and RESPA.   Thus the purported power of sale by Defendants no longer applies.   Plaintiff further contends that Defendants do not have the right to foreclose on the Subject Property because Defendants did not properly comply with proper delivery procedures under RESPA.  Plaintiff further contends that the Defendants perpetrated a fraudulent loan transaction.

41.     Plaintiff requests that this Court find the purported power of sale contained in the Loan of no force and effect at this time, because Defendants actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants.  Plaintiff further requests that title to the Subject Property remain in Plaintiff's name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation

42.     As a result of the Defendants' actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendants' purported power of sale is void and has no force or effect against the Subject Property.

43.     Further, Defendants' actions have been willful, knowing and malicious.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### Injunctive Relief

**(Against All Defendants)**

44.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.     Defendants have commenced a foreclosure action under the Note and have scheduled a non-judicial sale. Said sale will cause Plaintiff great and irreparable injury in that real property is unique.

46. The wrongful conduct of Defendants, unless restrained and enjoined by an order of the court, will cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of the property and will lose their home

47. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it is and will be impossible for Plaintiff to determine the precise amount of damage Plaintiff will suffer.

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

### Determine Nature, Extend and Validity of Lien under

### California Commercial Code §9313

### (Against All Defendants)

48.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     A written instrument that purports to be a Deed of Trust executed by Plaintiff is presently in existence and under Defendant's control. The Deed of Trust is voidable in that there is no enforceable underlying promissory note for the deed of trust to secure.

50.     Prior to the commencement of this case, AMERICA'S WHOLESALE LENDER purportedly received a copy of a promissory note from Plaintiffs in the form of a Deed of Trust. Plaintiff alleges on information and belief that neither AMERICA'S WHOLESALE LENDER, UNKNOWN MORTGAGE BROKER, FINANCIAL TITLE COMPANY, MERS, nor any other, unknown holder in due course, did not deliver to FINANCIAL TITLE COMPANY or AMERICA'S WHOLESALE LENDER the original promissory note nor did defendants ever take actual possession of the original promissory note as required under California Commercial Code §9313.

51.     Defendants failed to comply with California Commercial Code §9313.

52.     As a result, defendants never perfected their interest in the above referenced deed of trust.

53.     Said unperfected security interest of defendant is void as to plaintiff by virtue of 11 U.S.C. §544.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION

**Contractual Breach of Implied Covenant of Good Faith and Fair Dealing**

**(Against All Defendants)**

54.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.    Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.  This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.  The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.  This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

56. The terms of the Loan imposed upon Defendants a duty of good faith and fair dealing in this matter.

57. Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint.  Defendants were required to exercise such power in good faith.

58. Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants:

I.   Willfully withheld numerous disclosures;

II.  Willfully withheld notices in regard to excessive fees and finance charges including Yield Spread Premiums, Underwriting standards, Good Faith Estimates, Disclosures of additional income due to interest rate increases, and failure to disclose when negative credit scores were disseminated;

III. Willfully placed Plaintiff in a loan that he did not qualify for, could not afford, and subjected him to further financial detriment, while providing Defendants with financial benefits they would not have otherwise enjoyed.

59. As a result of Defendants' breach of this covenant, Plaintiff has suffered injury and has

caused Plaintiff the threat of loss of their home.  Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

60. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION

**Violation of TILA, 15 U.S.C. § 1601, et.seq.**

**(Against All Defendants)**

61.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62.    The Truth In Lending Act (TILA) applies because the transaction involves the extension of credit to a consumer for personal, family or household purposes that is subject to a finance charge and/or payable by written agreement in more than four installments per 15 U.S.C. §§ 1601-1666j.

63.    Defendants violated TILA by failing to provide Plaintiff with accurate material disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix.

64.     Plaintiff could not nor would not be able to afford this loan.   The risks versus the Debt to Income Ratio were not specifically and clearly disclosed to Plaintiff.

65.     AMERICA'S WHOLESALE LENDER failed to provide Plaintiffs with a correct payment schedule, a properly disclosed interest rate, an accurate Good Faith Estimate or a disclosure relating to Property/Hazard Insurance, all required under the Code of Federal Regulations.

66.     Any and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et.seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices.

67.     Per 12 CFR § 226.19(b), AMERICA'S WHOLESALE LENDER was required to provide the Plaintiffs with the "Consumer Handbook on Adjustable Rate Mortgages" (CHARM) booklet. No such booklet was received which is a violation of the TILA laws.

68.     AMERICA'S WHOLESALE LENDER was further required to fully disclose the terms of the financing to the Plaintiff and again, there is no evidence to support such disclosure was provided to the Plaintiff. In this case, with such a volatile loan, the Plaintiff should have been fully counseled on the terms and the how such affected the property.

69.     An actual controversy now exists between Plaintiff, who contends they have the right to rescind the loan on the Subject Property alleged in this Complaint, and based on information and belief, Defendants deny that right.

70. As a direct and proximate result of Defendants' violations Plaintiff has incurred and continues to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction.

71. Defendants were unjustly enriched at the expense of Plaintiff who is therefore entitled to

equitable restitution and disgorgement of profits obtained by Defendants.

72. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION

**Violation of Real Estate Settlement and Procedures Act (RESPA)**

**(Against All Defendants)**

73.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. RESPA applies because a  lender that regularly extends federally related mortgage loans aggregating more than $1 million per year, and intended for the purchase of a one- to four-family residential property are subject to RESPA per 12 U.S.C. §§ 2601-2617.

75. Housing and Urban Development's (HUD's) 1999 Statement of Policy established a two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA:

(1) Whether goods or facilities were actually furnished or services were actually performed for the compensation paid and;

(2) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

In applying this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA.

76.    To earn a Yield Spread Premium (YSP), the broker will increase the amount of the margin that the borrower will pay, which increases the interest rate and the monthly payment. The increase in the monthly payment multiplied over three years will be the Yield Spread Premium. It takes the borrower three years to repay the Yield Spread Premium. Once the three-year repayment period has ended, the margin on the interest rate does not drop. Instead, the borrower continues to pay at the same interest rate and the lender reaps the benefits of the higher payment.

77.    This was purported to Plaintiff by explaining that the Yield Spread Premium was a "credit for closing costs" or other sort of bait and switch tactic.   The Yield Spread Premium significantly affects the borrower's payment and financial situation. By allowing UNKNOWN MORTGAGE BROKER to earn Yield Spread Premium, AMERICA'S WHOLESALE LENDER would earn excessive fees, to be proven, over the life of the loan, if carried to maturity, as a result of the higher interest rate.    Both AMERICA'S WHOLESALE LENDER and UNKNOWN MORTGAGE BROKER have enjoyed the benefits of Unjust Enrichment.

78.    The Yield Spread Premium was not explained to the Plaintiff that they would be paying this through their loan payments. AMERICA'S WHOLESALE LENDER and UNKNOWN MORTGAGE BROKER also failed to provide a separate fee agreement regarding Yield Spread Premium, properly disclosing this fact.

79. No separate fee agreements, regarding Yield Spread Premium that the broker and the lender have enjoyed were ever provided, resulting in the benefits of Unjust Enrichment for AMERICA'S WHOLESALE LENDER and UNKNOWN MORTGAGE BROKER.

80. Defendants violated RESPA because the payments to the mortgage broker and to the lender were misleading and designed to create a windfall.   These actions were deceptive, fraudulent and self serving.

81. As a proximate result of Defendants' actions, Plaintiff has been damages in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SEVENTH CAUSE OF ACTION

### Violation of California Civil Code § 2932.5

### (Against All Defendants)

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.     Where a power to sell real property is given to a mortgagee, or other entity whom has placed an encumbrance on title, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

84.     Mortgage Electronic Registration System (MERS) has been named the beneficiary for this loan. MERS was created to eliminate the need for the executing and recording of assignment of mortgages, with the idea that MERS would be the mortgagee of record. This would allow MERS to foreclose on the property, and at the same time, assist AMERICA'S WHOLESALE LENDER in avoiding the recording of the Assignments of Beneficiary on loans sold. This saved AMERICA'S WHOLESALE LENDER money in manpower and the costs of recording these notes. It was also designed to "shield" investors from liability as a result of lender misconduct regarding the process of mortgage lending.

85.     MERS is simply an "artificial" entity designed to circumvent certain laws and other legal requirements dealing with mortgage loans. By designating certain member employees to be

MERS corporate officers, MERS has created a situation whereby the foreclosing agency and MERS "designated officer" has a conflict of interest.

86.    Since neither MERS nor the servicer have a beneficial interest in the note, nor do they receive the income from the payments, and since it is actually an employee of the servicer signing the Assignment in the name of MERS, the Assignment executed by the MERS employee is illegal.  The actual owner of the note has not executed the Assignment to the new party. An assignment of a mortgage in the absences of the assignment and physical delivery of the note will result in a nullity.

87.    It must also be noted that the lender or other holder of the note registers the loan on MERS. Thereafter, all sales or assignments of the mortgage loan are accomplished electronically under the MERS system. MERS never acquires actual physical possession of the mortgage note, nor do they acquire any beneficial interest in the Note.

88.    The existence of MERS indicated numerous violations of the California Business and Professions Code as well as Unfair and Deceptive Acts and Practices due to the conflicting nature and identity of the servicer and the beneficiary.  Each of these practices were intentionally designed to mislead the borrower and benefit the lenders.  One can only conclude after a reading of this section, that MERS has no legal standing to foreclose.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth herein.

**EIGHTH CAUSE OF ACTION**

**Rescission**

**(Against All Defendants)**

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. Plaintiff is entitled to rescind the loan for all of the foregoing reasons: 1) TILA Violations; 2) RESPA; 3) Fraudulent Concealment; and 4) Public Policy Grounds, each of which provides independent grounds for relief.

91. The Truth In Lending Act, 15 U.S.C §1601, et.seq. extends Plaintiff's right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loans terms or Borrower's right to rescind.  Here, Defendants have failed to properly disclose the details of the loan.  Specifically, the initial disclosures do not initial TIL disclosures, and lack of diligence and collusion on the part of the broker, lender and underwriter to place Plaintiff in a loan they could not afford and would ultimately benefit Defendants.

92. The public interest would be prejudiced by permitting the alleged contract to stand; Such action would regard an unscrupulous lender.

93. As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiff prays for rescission of the stated loan in its entirety.

### NINTH CAUSE OF ACTION

**Fraud - California Civil Code §1572**

**(Against All Defendants)**

94. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95. Defendants intentionally, willfully and wantonly engaged in the acts with the purpose of deceiving Plaintiff and inducing them to part with their personal and real property buy using a stated income loan.

96.    The credit application and or available W-2's provided by Plaintiff was enough, in addition to the application itself for Defendant's to know what type of loan should be offered, and what the Plaintiff's could not afford.  Any falsification of a credit application by a broker or seller for the purposes of securing a loan is de facto fraud. U.S. v. Robinson, 4th Circuit, 2004.

97.    Defendants engaged in the unlawful suppression of facts or circumstances by one of the parties to a contract from the other, for self-serving purposes and financial gain, which in justice ought to be made known.

98. This loans was fraudulent because: a) the current loan program creates a belief in Plaintiff that they will be able to make the payments and is illusory and never really in effect; b) the use of a stated income, without verification and the use of an automatic underwriter fails to reach an appropriate standard while simultaneously inducing Plaintiff's reliance on the qualification process; and c) underwriting a borrower based on the clear and present risk is "knowingly" selling a mortgage loan that will fail.

99.    Plaintiff justifiably relied on Defendant's deception, which was the actual and proximate cause of Plaintiff's damages.

100.    Plaintiff is entitled to exemplary and punitive damages for Defendants' fraudulent conduct in the sum to be determined at trial.  Further, fraudulent concealment avoids the contract.

WHEREFORE, Plaintiff prays for relief as set forth below.

## TENTH CAUSE OF ACTION

### Unfair And Deceptive Business Act Practices (UDAP)

### (Against All Defendants)

101.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102.     Defendants failed to undergo a diligent underwriting process for this loan a alleged in this complaint.  They also failed to properly adjust and disclose facts and circumstances relating to Plaintiff's mortgage loan and placed Plaintiff in a loan, by way of stated income and misleading facts, which they should never have been approved for because they could not afford it.  Defendants did have that knowledge of these facts, circumstances and risks but failed to disclose them. Defendants also used various rates and charges to disguise the actual payment schedule and loaned amount.  The Defendants enjoyed unjust enrichment and have profited and deceptively preyed upon Plaintiff and their naïve nature in the industry.

103.     By reason of Defendants fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant has violated California Business and Professions Code § 17200 et seq. by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of their home, equity, as well as their past and future investment.

104.     By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which is, as yet unascertained.

WHEREFORE, Plaintiff prays for relief as set forth below.

### ELEVETH CAUSE OF ACTION

#### Breach of Fiduciary Duty

#### (Against Defendants)

105.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

106.     Defendants owed a fiduciary duty to Plaintiff and breached that duty by ailing to advise or notify Plaintiff when Defendant's broker knew or should have known that Plaintiff will or

has a likelihood of defaulting on the loan, Defendants have a fiduciary duty to the borrower to not place them in that loan (in harms way).

107.   Regarding this loan, it was in the best interest of the Defendants to promote the particular program for which they approved the Plaintiff. It led to a maximization of profits for the Defendants, with no concern for the borrower. A 30-year fixed with less principal or an outright denial of the current loan program would have netted less return for the lender, though better for the borrower.

108.   Defendant failed to provide material disclosures regarding the loan and its interest rate to Plaintiff while in the capacity of Plaintiff's Lender.

109.   Defendants failed to fully comply with TILA regulations and laws designated to protect Plaintiff.  The failure to do so placed Plaintiff in a serious disadvantage and potential loss of their home.  Such actions are violations of a fiduciary responsibility owed to Plaintiff by Defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

### TWELFTH CAUSE OF ACTION

**Unconscionability – UCC-2-3202**

**(Against All Defendants)**

110.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.   If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

112.    When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

113.    Here, based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were require to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiff's, the court may find that the loan agreement and trust deed are unconscionable and of no force or effect.

WHEREFORE, Plaintiff prays for restitution and relief as set forth below.

## THIRTEENTH CAUSE OF ACTION

### Predatory Lending; California Business and Professions Code §17200

### (Against All Defendants)

114.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

115.    The Office of Comptroller of the Currency defines Predatory Lending as any lien secured by real estate which shares well known common characteristics that result in Unfair and Deceptive Business Practices under California Business and Professions Code § 17200.

116.    Acts undertaken by the Defendants here that are consistent with the Office of the Comptroller's definition include the fact that this loan was marketed in a way which fails to fully disclose all material terms and includes terms and provisions which are unfair, fraudulent or unconscionable;

117.   This loan is marketed in whole or in part on the basis of fraud, exaggeration, misrepresentation or the concealment of a material fact and was underwritten without due diligence by the party originating the loan;

118.   The loan does not does not plainly and prominently disclose on the good faith estimate of closing costs the size of any yield spread premium paid directly or indirectly, in whole or in part, to a mortgage loan officer;

119.   Contains loan terms whereby the borrower can never realistically repay the loan, representative of "Bait and Switch" tactics.

120.   This loan is based on a loan application that is inappropriate for the borrowers. For instance, the use of a No Income stated on the loan application from an employed individual who has or can obtain pay stubs, W-2 forms and tax returns.

121.   This loan is underwritten without due diligence by the party originating the loan. There has been no realistic means test for determining the ability of the borrowers to repay the loan. Further, there is a lack of documentation of income or assets and/or job verification.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTEENTH CAUSE OF ACTION

### Quiet Title

### (All Defendants Claiming Any Interest In the Subject Property)

122.   Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

123.   Plaintiff is at all times herein mentioned the owner and/or entitled to possession of

the Property, until the date of sale that transferred physical possession of the deed of trust to the non-bonafide subsequent purchaser.

124.    Plaintiff was informed and therefore believes and thereupon alleges that Defendants, and each of them, claim an interest in the Subject Property adverse to Plaintiffs.  However, as a result of the conduct more fully described in the preceding allegations, the claim of Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the Property.

125.    Plaintiff therefore seek a declaration that the title to the Subject Property is vested in Plaintiff's alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Subject Property adverse to Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff will ask for the following for each Cause of Action sustained:

1.  For Compensatory Damages in an amount to be determined by proof at trial.

2.  For Special Damages in an amount to be determined by proof at trial.

3.  For General Damages in an amount to be determined by proof at trial.

4.  For Treble Damages in an amount to be determined by proof at trial.

5.  For Punitive Damages as against the individual Defendants.

6.  For Attorney's Fees and Costs of this action.

7.  For Declaratory Relief, including a declaration that Plaintiff is the prevailing party.

8.  For an Injunction, enjoining any foreclosure proceeding on the Subject Property.

9.  For a judgment rescinding the Loan and Security Agreement and setting forth terms of restitution.

10. For a judgment ordering that the Defendants provide proof of authority to foreclose by producing the promissory note.

11. Quiet Title.

12. For any prejudgment or other interest according to law.

13. Any other and further relief that the Court considers just and proper.

Dated: 10-27-10                              
MELANIE ESPIRITU, In Pro Per

Dated: 10-27-10                              
JESUS ESPIRITU, In Pro Per

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MELANIE ESPIRITU and JESUS ESPIRITU, wife and husband as joint tenants,

**DEFENDANTS**  10 NOV -4 PM 3:43
AMERICA'S WHOLESALE LENDER; FINANCIAL TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MELANIE ESPIRITU and JESUS ESPIRITU, In Pro Per
987 Saint Germain Road, Chula Vista, CA 91913
Tel: (619) 271-9413 Fax: (888) 755-1416

Attorneys (If Known)

'10 CV 2277    JLS BGS

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and one Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

## V. ORIGIN    (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28.133) yeg
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                    DOCKET NUMBER

DATE  10-27-10
SIGNATURE OF ATTORNEY OF RECORD   m Espiritu / Jesus Espiritu

**FOR OFFICE USE ONLY**
RECEIPT # 19926   AMOUNT $350—   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____
MB 11-04-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019929
Cashier ID: mbain
Transaction Date: 11/04/2010
Payer Name: ESPIRITU V AMERICAS WHOLESALE
--------------------------------
CIVIL FILING FEE
 For: ESPIRITU V AMERICAS WHOLESALE
 Case/Party: D-CAS-3-10-CV-002277-001
 Amount:       $350.00
--------------------------------
CASH
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```